## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| COCINA AZUL D/B/A SE LA VI, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| CONTRACTORS BONDING AND | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

### DEFENDANT'S NOTICE OF REMOVAL

Defendant Contractors Bonding and Insurance Company files this Notice of Removal of this action from the Second Judicial District Court for Bernalillo County, New Mexico to the United States District Court for the District of New Mexico, the district in which the Second Judicial District Court for Bernalillo County is located. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1441 and 1446. In support hereof, Defendant shows this Court as follows:

1. Plaintiff Cocina Azul d/b/a Se La Vi, LLC ("Plaintiff") commenced an action against Defendant in the Second Judicial District Court for Bernalillo County, New Mexico, entitled *"Cocina Azul d/b/a Se La Vi, LLC v. Contractors Bonding and Insurance Company"* pending as Case No. D-202-CV-2017-03691.

2. Removal is timely because thirty (30) days have not elapsed since Defendant was served with the Plaintiff's Complaint on June 12, 2017, as required by 28 U.S.C. § 1446(b).

3. A copy of this Notice of Removal will be filed with the clerk of the Second Judicial District Court for Bernalillo County, New Mexico, and a copy of this Notice of Removal will also be served on the Plaintiff.

4.   In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendant in the State Court are attached hereto as Exhibit 1.

5.   Plaintiff has requested trial by jury in the State Court case.

6.   Defendant has filed contemporaneously with this Notice a civil cover sheet.

### Ground for Removal:  Diversity

7.   This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332, in that this is a civil action where the matter in controversy exceeds $75,000, and is between citizens of different States.

A.   The amount in controversy exceeds the federal minimum jurisdictional requirements.

8.   Plaintiff's Complaint, paragraph 13, alleges the estimated amount of damages to be $157,840.21.

9.   Accordingly, the amount in controversy, as established by Plaintiff's Complaint exceeds $75,000.

B.   There is complete diversity of the parties.

10.   Under the diversity statute, corporations shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.  28 U.S.C. § 1332(c) (1).

11.   The citizenship of a limited liability company is determined by the citizenship of all its members.

12.   As stated in paragraph 1 of Plaintiff's Complaint, Plaintiff was and is a New Mexico business with its principal place of business in Bernalillo County, New Mexico. Plaintiff's members are Frank L. Barela, Sr. and Evelyn Barela who are citizens of New Mexico. Plaintiff is accordingly a citizen of New Mexico for purposes of determining diversity jurisdiction.

13. Defendant Contractors Bonding and Insurance Company is and was a corporation organized under the laws of Illinois, with its principal place of business in Illinois, at the time Plaintiff filed its Complaint and at the time of this Removal. Accordingly, Defendant is a citizen of <u>Illinois</u> for purposes of determining diversity jurisdiction.

14. Complete diversity exists in this case and removal is proper because Plaintiff is a citizen of New Mexico and Defendant is a citizen of Illinois.

WHEREFORE, Defendant Contractors Bonding and Insurance Company prays that the above-described action now pending in the Second Judicial District Court for Bernalillo County, New Mexico be removed to this Court.

Respectfully submitted,

SUTIN, THAYER & BROWNE
A Professional Corporation

By <u>/s/Stevan Douglas Looney</u>
      Stevan Douglas Looney
P.O. Box 1945
Albuquerque, NM 87103-1945
Telephone: (505) 883-2500
Email: <u>sdl@sutinfirm.com</u>
*Attorneys for Defendant Contractors Bonding and Insurance Company*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing instrument is being served upon counsel for Plaintiff, via certified mail, return receipt requested, in accordance with the Federal Rules of Civil Procedure, on this 11th day of July, 2017 as follows:

Jonathan L.R. Baeza, Esq.
Martinez & Martinez Law Firm, PLLC
730 E. Yandell Dr.
El Paso, Texas 79902
Ph: (915) 541-1000
Fax: (915) 541-1002
jonathan@martinezlawyers.com

*/s/Stevan Douglas Looney*
Stevan Douglas Looney

STATE OF NEW MEXICO
**OFFICE OF SUPERINTENDENT OF INSURANCE**
Mailing Address: P.O. Box 1689, Santa Fe, NM  87504-1689
Physical Address: 1120 Paseo de Peralta, Room 428, Santa Fe, NM  87501
Main Phone: (505) 827-4601; Main Fax (505) 827-4734; Toll Free: 1-855-4-ASK-OSI
www.osi.state.nm.us

**SUPERINTENDENT OF**
**INSURANCE**
John G. Franchini – (505) 827-4299

Service of Process
Room 432
(505) 827-4291

**DEPUTY SUPERINTENDENT**
Robert Doucette – (505) 827-4439

June 12, 2017

Contactors Bonding and Insurance Company
9025 North Lindbergh Drive
Peoria, IL 61615

RE:   **COCINA AZUL D/B/A SE LA VI, LLC V. CONTACTORS BONDING AND**
      **INSURANCE COMPANY**
      **D-202-CV-2017-03691**

Dear Mr. President:

In accordance with the provisions of NMSA 1978, Sections 59A-5-31 & 59A-32, enclosed is a
copy of a Complaint on the above styled cause.  Service was accepted on your behalf on
6/12/2017.

Respectfully,

John G. Franchini, Superintendent
Enclosure:
CERTIFIED MAIL   7010 0290 0002 3836 6357

**EXHIBIT**
**1**



SECOND JUDICIAL DISTRICT
STATE OF NEW MEXICO
BERNALILLO COUNTY, NEW MEXICO

*NC-*
RECEIVED
JUN 1 9 2017
CLAIMS DEPT

| | | |
|---|---|---|
| COCINA AZUL D/B/A SE LA VI, LLC | § § § § § § § § § § § § | |
| *Plaintiff* | | |
| v. | | CIVIL ACTION NO. _____ |
| CONTRACTORS BONDING AND INSURANCE COMPANY | | |
| *Defendant* | | |

---

## PLAINTIFF'S ORIGINAL COMPLAINT FOR NEGLIGENCE, BREACH OF INSURANCE CONTRACT, VIOLATION OF THE NEW MEXICO UNFAIR CLAIMS PRACTICES ACT, AND BAD FAITH ACTIONS

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Plaintiff Cocina Azul dba Se La Vi, LLC(hereinafter "Plaintiff"), and complains of Defendant Contractors Bonding and Insurance Company (hereinafter "Defendant"). In support of its claims and causes of action, Plaintiff would respectfully show unto this Honorable Court as follows:

<u>PARTIES</u>

1. Plaintiff, Cocina Azul dba Se La Vi, LLC is a New Mexico business, with its principal place of business in Bernalillo County, New Mexico.

2. Defendant is a company engaged in the business of adjusting insurance claims. This includes commercial policy number A21BAC229 (hereinafter "the Policy") and claim number

---

*Plaintiff Cocina Azul's Original Complaint*

00418829 (hereinafter "Claim"). Both of which apply to Plaintiff's commercial property and is at issue the present case.

3.  Defendant Contractors Bonding and Insurance Company may be served through the Office of Superintendent of Insurance by delivering a copy of the complaint to the Office of Superintendent of Insurance, Attn: Service of Process, P.O. Box 1689, Santa Fe, New Mexico 87504-1689.

## JURISDICTION & VENUE

4.  This Honorable Court has jurisdiction and venue is proper because: (1) one or more acts or omissions forming the basis for liability occurred in Bernalillo County, New Mexico (2) Defendant is a foreign insurance company that engages in the business of insurance in the State of New Mexico, and (3) Plaintiff's causes of action arise out of Defendant's business activities in the State of New Mexico.

5.  All conditions precedent to recovery by Plaintiff have been met or have occurred.

## AGENCY

6.  All acts by Defendant were undertaken and completed by its officers, agents, servants, employees, and/or representatives. Such were either done with the full authorization or ratification of Defendant and/or were completed in their normal and routine course and scope of employment with Defendant.

## ALLEGATIONS OF PLAINTIFF

7.  This matter resolves largely around a first-party insurance dispute regarding the extent of damages and amount of loss suffered to Plaintiff's property. In addition to seeking economic and penalty based damages from Defendant, Plaintiff also seeks compensation from Defendant for damages caused by improperly evaluating the extensive damages associated with this case.

8. Plaintiff owns the property, which is located at 1134-1139 Mountain Road NW, Albuquerque, New Mexico 87102 (hereinafter "the Property"), a restaurant.

9. Prior to the occurrence in question, Plaintiff purchased the Policy from Defendant to cover the Property at issue for a loss due to hail, wind, and other enumerated perils.

10. Pursuant to Plaintiff's obligation as a Policyholder, Plaintiff made complete and timely payments of all insurance premiums. Moreover, the Policy covered Plaintiff during the date of loss in question.

11. On or around July 16, 2014 the Property suffered incredible damage due to a severe hail and wind storm. The Property's damage constitutes a covered loss under the Policy. Plaintiff subsequently opened a claim on January 14, 2016 and Defendant assigned an adjuster to adjust the claim. Subsequently, Defendant intentionally and wrongfully refused to issue a full and fair payment for the covered loss as rightfully owed under the Policy. Defendant also failed to provide Plaintiff with an explanation of the basis for its refusal to offer a full and fair settlement, in violation of N.M. STAT. ANN. § 59A-16-20(N). To date Plaintiff has not received and explanation.

12. Defendant and its representatives conspired to intentionally misrepresent the value of Plaintiff's claim as exhibited by Defendant's method of investigation and estimation of Plaintiff's loss, all of which were conducted in such a way in order to intentionally minimalize and underpay the loss incurred by Plaintiff. Specifically, Defendant and its representatives willfully ignored the objective evidence of damage to the Property, all of which constitute a covered loss under the policy and for which Plaintiff is entitled to policy benefits. As a result, Defendant's engineer failed to fully quantify Plaintiff's losses. Thus, Defendant's estimate failed to place Plaintiff in a pre-loss condition. Such bad faith misconduct is a violation of

N.M. STAT. ANN. § 59A-16-20(E) for failing in good faith to effectuate a prompt, fair, and equitable settlement when liability has become reasonably clear.

13. Defendant's initial investigation forced Plaintiff to bear its own cost and hire a professional estimate writer, Insurance Appraisal Group, LLC, to create a proper estimate of the damages. On or around October 25, 2016, Insurance Appraisal Group, LLC inspected the Property. Following this inspection, Insurance Appraisal Group, LLC estimated the damage to the Property to be $157,840.21. Based on the investigation, Insurance Appraisal Group, LLC recommended the full removal and replacement of Plaintiff's roofing system, including several items on the Property's roof, including but not limited to: the complete removal and replacement of the shingled portion of the property's roof; removal and replacement of the stucco damaged by hail impacts to the top and sides of the property's parapets; removal and replacement of the packaged gas furnace and A/C unit; removal and replacement of 2" perlite board, gravel ballast, and modified bitumen; and removal and replacement of the furnace vent as well as the roof and chimney flashing as soft metals cannot be reused under IRC 907.5. Furthermore, Insurance Appraisal Group, LLC recommended significant repairs to the interior of the property, including but not limited to: removal and replacement of the 2' by 4' high grade suspended ceiling tiles in the back dining room; removal and replacement of the 5/8" drywall in the freezer room and front dining room; and painting and drywall texturing costs in the front dining room.

14. Defendant's estimate did not allow for adequate funds to cover the cost of repairs and therefore, grossly undervalued all of the damages sustained to the Property, nor did Defendant's estimate address Insurance Appraisal Group, LLC's scope and estimate. As a result of this conduct, Plaintiff's claims were intentionally and knowingly underpaid.

15. Defendant's adjusters acted as authorized agents of Defendant. Defendant's adjusters acted within the course and scope of their authority as authorized by Defendant. Plaintiff relied on Defendant and its adjusters to properly investigate, evaluate, and adjust the claim regarding the Property and to issue payments to fix such damage. To date, proper payments have not been made regarding this claim.

16. All conditions precedent to recovery by Plaintiff have been met or have occurred.

17. All acts by Defendant were undertaken and completed by its officers, agents, servants, employees, and/or representatives. Such actions were done with the full authorization or ratification of Defendant and/or were completed in the normal and routine course and scope of employment with Defendant.

18. As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of McClenny Moseley & Associates, PLLC, who is representing Plaintiff with respect to the following causes of action.

## CAUSES OF ACTION

### COUNT I: BREACH OF CONTRACT

19. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

20. According to the Policy that Plaintiff purchased, Defendant had the absolute duty to investigate Plaintiff's damages and to pay Plaintiff's Policy benefits for the claim made due to the extensive damages caused by the July 16, 2014 hail and wind storm.

21. As a result of the July 16, 2014 storm, Plaintiff suffered severe damage.

22. Despite objective evidence of such damages, Defendant has breached its contractual obligations under the Policy by failing to pay Plaintiff benefits relating to the cost to properly

repair Plaintiff's Property, as well as for related losses.  As a result of this breach, Plaintiff has suffered actual and consequential damages.

23. Such denial is wrongful and a breach of the insurance contract, because (specific facts).

24. As a result of the breach of contract Plaintiff is entitled to all property damages resulting therefrom.

### COUNT II: UNFAIR INSURANCE CLAIM PRACTICES

25. Plaintiff hereby incorporates by reference all facts and circumstances set forth within the foregoing paragraphs.

26. The acts and failures to act of Defendant, as enumerated above, constitute unfair claims practices which are prohibited pursuant to the New Mexico Unfair Insurance Claims Practices Act, NMSA 1978, § 59A-16-20, including but not limited to:

    A. Misrepresenting to insureds pertinent facts or policy provisions relating to coverages at issue;

    B. Failing to acknowledge and act reasonably promptly upon communications with respect to claims from insureds arising under policies;

    C. Failing to adopt and implement reasonable standards for the prompt investigation and processing of insureds' claims arising under policies;

    D. Failing to affirm or deny coverage of claims of insureds within a reasonable time after proof of loss requirements under the policy have been completed and submitted by the insured;

    E. Not attempting in good faith to effectuate prompt, fair and equitable settlements of an insured's claims in which liability has become reasonably clear;

    F. Failing to settle all catastrophic claims within a ninety-day period after the

assignment of a catastrophic claim number when a catastrophic loss has been declared;

G. Compelling insureds to institute litigation to recover amounts due under policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds when such insureds have made claims for amounts reasonably similar to amounts ultimately recovered;

H. Attempting to settle a claim by an insured for less than the amount to which a reasonable person would have believed he was entitled by reference to written or printed advertising material accompanying or made part of an application;

I. Attempting to settle claims on the basis of an application that was altered without notice to, or knowledge or consent of, the insured, his representative, agent or broker;

J. Failing, after payment of a claim, to inform insureds or beneficiaries, upon request by them, of the coverage under which payment has been made;

K. Making known to insureds or claimants a practice of insurer of appealing from arbitration awards in favor of insureds or claimants for the purpose of compelling them to accept settlements or compromises less than the amount awarded in arbitration;

L. Delaying the investigation or payment of claims by requiring an insured, claimant or the physician of either to submit a preliminary claim report and then requiring the subsequent submission of formal proof of loss forms, both of which submissions contain substantially the same information;

M. Failing to settle an insured's claims promptly where liability has become apparent

under one portion of the policy coverage in order to influence settlement under other portions of the policy coverage; and/or

N. Failing to promptly provide an insured a reasonable explanation of the basis relied on in the policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

27. Defendant knowingly engaged such in acts with such a frequency as to indicate a general business practice of failing to acknowledge and act reasonably promptly upon communications with respect to claims from insureds arising under policies; and not attempting in good faith to effectuate prompt, fair, and equitable settlements of an insured's claims in which liability has become reasonably clear.

28. Defendant act in such a way to consistently delay, deny or undervalue property claims made by its insureds.

29. As a direct and proximate result of the unfair claims practices of Defendant, Plaintiff has suffered compensatory damages, incidental damages, and consequential damages in a monetary amount to be determined at trial.

30. Plaintiff is also entitled to an award of attorney's fees and costs under the statute.

## COUNT III: BAD FAITH

31. Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

32. There is implied in every insurance policy a duty on the part of the insurance company to deal fairly with the policyholder.

33. Fair dealing means to act honestly and in good faith in the performance of the contract.

34. The insurance company must give equal consideration to its own interests and the interests of the policy holder.

35. An insurance company and its employees act in bad faith when they refuse to pay a claim of the policyholder for reasons which are frivolous or unfounded.

36. In deciding whether to pay a claim, the insurance company and its employees and agents must act reasonably under the circumstances to conduct a timely and fair investigation and evaluation of the claim.

37. A failure to timely investigate, evaluate, and/or pay a claim is a bad faith breach of the duty to act honestly and in good faith in the performance of the insurance contract.

38. The acts and failures to act of Defendant as enumerated above constitutes a breach of their duty of good faith to Plaintiff including, but not limited to, (specific facts).

39. The Defendant's actions taken were unreasonable, and there was further delay by the Defendant in not investigating this matter on a timely basis and in an appropriate way such that there was a breach of duty of honesty and good faith and performance of the insurance contract such that the actions of the Defendant herein constituted bad faith.

40. The Defendant acted in bad faith in refusing to pay a claim of policyholder and did not act in fair dealing meaning good faith and performance of the contract such that the actions constitute bad faith.

41. The actions of the Defendant were in bad faith in an effort to settle or resolve this matter in that they have a duty to timely investigate and fairly evaluate the claim of the insured, and Defendant has not done so in this case which constitutes bad faith.

42. The investigation was not conducted in a competent manner such that the actions of the Defendant were in bad faith.

43. The actions of the Defendant in refusing to pay under either of the claims constitutes bad faith under the common law, such that the actions are without reason and that are designed to prevent the insured from collecting damages to which they are reasonably entitled.

44. As a direct result of the bad faith of Defendant, Plaintiff has suffered compensatory damages, incidental damages and consequential damages, in a monetary amount to be determined at trial.

45. The acts and failures to act of Defendants as enumerated above, constitutes an unreasonable failure to pay a first party coverage claim, entitling Plaintiff to an award of reasonable attorney fees and costs pursuant to NMSA 1978, § 39-2-1.

## COUNT IV: NEGLIGENCE

46. Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

47. Plaintiff entrusted Defendant to properly adjust Plaintiff's insurance claim for the Property damage. Defendant did not properly adjust the claim and misinformed Plaintiff of the severity of the Property damage. Defendant had and owed a duty to ensure that the Property damage was properly adjusted. Nevertheless, Defendant failed to ensure that Plaintiff's damage was properly adjusted. This failure is a clear breach of Defendant's duty, and as a result, Plaintiff suffered significant injuries.

48. Defendant and its assigned adjuster had and owed a legal duty to Plaintiff to properly adjust all losses associated with the Property. Defendant, individually and through its assigned adjuster, breached this duty in a number of ways, including, but not limited to, the following:

  A. Defendant, individually and through its assigned adjuster, was to exercise due care in adjusting and paying policy proceeds regarding the Property;

B. Defendant, individually and through its assigned adjuster, had a duty to competently and completely handle and pay all covered losses associated with the Property;

C. Defendant, individually and through its assigned adjuster, failed to properly complete all adjusting activities associated with Plaintiff's damages; and,

D. Defendant's acts, omissions, and/or breaches, individually and through its assigned adjuster, did great damage to Plaintiff, and were a proximate cause of Plaintiff's damages.

49. The acts and failures to act by and of Defendant were malicious, willful, reckless, wanton, oppressive, in bad faith, and/or fraudulent, entitling Plaintiff to recover punitive damages in an amount to be determined at trial.

## WAIVER & ESTOPPEL

50. Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

51. Defendant has waived and is estopped from asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any Reservation of Rights or denial letters to Plaintiff.

## DAMAGES

52. Defendant's acts have been the producing and/or proximate cause of damage to Plaintiff that far exceeds the minimum jurisdictional limits of this Honorable Court.

## ATTORNEY'S FEES

53. As described above, Plaintiff is entitled to all reasonable and necessary attorney's fees pursuant to NMSA 1978, § 39-2-1 and NMSA 1984, § 57-2-1.

## JURY DEMAND

54. Plaintiff demands a trial by jury.

## PRAYER

Plaintiff prays that judgement be entered against Defendant, and that Plaintiff be awarded the actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgement interest, reasonable and necessary attorney's fees, court costs and for all other such relief, general or specific, in law or in equity, whether pled or unpled within this Original Complaint.

WHEREFORE, PREMISES CONSIDERED, for all reasons set forth above, Plaintiff prays it be awarded all such relief to which it is due as a result of the acts of Defendant, and for all such other relief to which Plaintiff may be justly entitled.

RESPECTFULLY SUBMITTED,

*/s/ Jonathan L.R. Baeza*
MARTINEZ & MARTINEZ LAW FIRM, PLLC
JONATHAN L.R. BAEZA
State Bar No. 148953
730 E. Yandell Dr.
El Paso, Texas 79902
(915) 541-1000
(915) 541-1002 (Facsimile)
jonathan@martinezlawyers.com

ATTORNEY FOR PLAINTIFF

*Of Counsel listed on following page*

OF COUNSEL:

McCLENNY, MOSELEY & ASSOCIATES, PLLC
James M. McClenny – Pending *Pro Hac Vice* Admission
State Bar No. 2764142
Federal ID No. 2706476
Derek L. Fadner – Pending *Pro Hac Vice* Admission
State Bar No. 24100081
Federal ID No. 2973064
411 N. Sam Houston Parkway E., Suite 200
Houston, Texas 77060
Principal Office No. 713.334.6121
Facsimile: 713.322.5953
James@mma-pllc.com
Derek@mma-pplc.com

Office of Superintendent of Insurance
Service of Process
PO Box 1689
Santa Fe, NM 87504-1689

CERTIFIED MAIL

7010 0290 0002 3836 6357

U.S. POSTAGE ⟩⟩ PITNEY BOWES

ZIP 87501  $ 007.50⁰
02 4W
0000340467 JUN 12 2017

Contactors Bonding and Insurance
Company
9025 North Lindbergh Drive
Peoria, IL 61615

6357